UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAISY PUGH,

                Plaintiff,

v.                                            Civil Action No.

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.
_____

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices as well as for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

## III. PARTIES

4. Plaintiff, Daisy Pugh, is a natural person residing in County of Monroe and State of New York.

5. Defendant Midland Credit Management, Inc., (hereinafter "MCM") is a foreign business corporation organized and existing under the laws of the State of

Califorana and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

15. That Plaintiff incurred a credit card debt to Finger Hut. This debt will be referred to as "the subject debt."

16. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. That Plaintiff thereafter allegedly defaulted on the subject debt.

18. That upon information and belief Defendant allegegedly acquired the Finger Hut account to collect on the subject debt.

19. In or about 2015, Defendant began calling Plaintiff on her cellular telephone multiple times per week in an attempt to collect on the subject debt.

20. That these calls ranged from the morings to evenings and were often at times inopportune for the Plaintiff to receive such calls.

21. Plaintiff never gave consent to Defendant to call her cellular telephone.

22. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA.

23. Many of these call resulted in Defendant leaving numerous pre-recorded or automated voice messages on Plaintiff's cellular telephone.

24. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

25. As a result of the foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

26. Plaintiff repeats, realleges and incorporates by reference the preceding and paragraphs in this complaint as if each of them was reprinted herein below.

27. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

28. The acts and/or omissions of Defendant at all times material and relevant hereto, as described  in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt and to harass him.

29. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully,

intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

33. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

34. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

VI. COUNT TWO
(Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

35. Plaintiff repeats, realleges and incorporates by reference the preceding and paragraphs in this complaint as if each of them was reprinted herein below.

36. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.
>
> B. Defendant violated 15 U.S.C. §1692c(a)(1) by contacting Plaintiff at any unusual time, place or time known to be inconvenient to the consumer.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to Statutory damages for pursuant to 15 U.S.C. § 1692k and 47 U.S.C. §227(b)(3)(B).

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(e) For such other and further relief as may be just and proper.

Dated: July 12, 2016

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com
       khiller@kennethhiller.com